**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3102
_____

CHRISTOPHER HARRIS,
                                        Appellant

v.

OFFICER LESKO, Badge No. 3374, Individually & as a Police Officer for the;
OFFICER DOHAN, Badge No. 4690, Individually & as a Police Officer for the; CITY
OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-18-cv-01475)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2019
Before:  CHAGARES, BIBAS, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 26, 2019)
_____

OPINION[*]
_____

PER CURIAM

        Christopher Lloyd Harris seeks to challenge a series of orders that began with the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District Court's order dismissing his suit pursuant to the Eastern District of Pennsylvania's Local Rule of Civil Procedure 41.1(b)—a rule requiring dismissal of a case with prejudice in the event of a settlement between parties. For the reasons that follow, we will dismiss Harris's appeal in large measure and affirm the District Court's denial of a post-judgment motion for relief.

On June 13, 2018, the District Court dismissed Harris's suit pursuant to its own Local Rule 41.1(b), as a status conference the previous day had established that the matter was settled between the parties. Dkt #7. On June 25, Harris sent a letter to the District Court, asking it to vacate the June 13 order. On July 2, the District Court entered an order denying the request to vacate the June 13 order. Dkt. #8. Harris did not appeal at that time.

On August 13, Harris submitted another filing to the District Court, titled "Relief from Order," which argued only the merits of his underlying civil rights case. Dkt. #9. The filing did not acknowledge or present arguments regarding the settlement, nor did it present arguments as to the District Court's July 2 order denying his previous request to vacate. On August 15, the District Court denied relief, citing its previous July 2 order. Dkt. #10. On September 14, Harris filed his notice of appeal.

We must first address our jurisdiction, which determines the scope of this appeal. Harris's notice of appeal references the District Court's orders entered on June 13, July 2,[1] and August 15. The notice of appeal was not filed until September 14. The relevant 30-

---

[1] Harris's brief on appeal refers to this order as the June 29 order, which is the day it was issued. Appellant's Br. 1.

day time limit of Federal Appellate Rule 4(a)(1)(A) for commencing an appeal is mandatory and jurisdictional. See Bowles v. Russell, 551 U.S. 205, 209–14 (2007). A timely motion pursuant to Rule 59 of the Federal Rules of Civil Procedure, or a Rule 60 motion filed within 28 days after the judgment is entered, re-starts the clock: the 30-day period begins to run from the *denial* of that motion. Fed. R. App. P. 4(a)(4)(A)(iv)–(vi).

Here, the District Court dismissed the action on June 13, and the 30-day clock for a timely appeal began to run. A new 30-day period began on July 2, however, when the District Court entered an order denying Harris's June 25 request to vacate.[2] Dkt. #8. Accordingly, Harris had to appeal by August 1 if he wished to challenge either the June 13 or the July 2 order. See Fed. R. App. P. 4(a)(4)(A)(iv); Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A) . . . . must file a notice of appeal . . . within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion."). Consequently, as Harris did not submit his notice of appeal until September 14, we do not have appellate jurisdiction to consider the District Court's June 13 order or the July 2 order denying reconsideration.[3]

---

[2] We construe Harris's June 25 letter as a Rule 59(e) motion, as the substance of the letter asks for the District Court to alter or amend its June 13 judgment. See Ahmed v. Dragovich, 297 F.3d 201, 208 (3d Cir. 2002) (noting courts are free to recharacterize post-judgment motions to match the substance of the relief requested); see also Piazza's Seafood World, LLC v. Odom, 448 F.3d 744, 748 n.9 (5th Cir. 2006) (noting a "motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." (internal quotation marks omitted)).
[3] In his reply brief on appeal, Harris argues that his second motion could be filed within 90 days of the entry of the order of dismissal, under the District Court's Local Rule 41.1(b). Nevertheless, a Local Rule 41.1(b) motion, or any functional equivalent under

3

Nevertheless, Harris's notice of appeal *was* timely filed as to the District Court's August 15 order denying his second motion. Consequently, we have jurisdiction to consider that order, see 28 U.S.C. § 1291, to which we turn now. Harris's second motion for "Relief from Order" referenced Rule 59(b), which pertains to the time for filing a motion for a new trial; Rule 60(b)(1), (2), (3), and (6), allowing a court to relieve a party from judgment for various reasons, including newly discovered evidence and fraud; and Local Rule 41.1(b), which allows a party to ask the District Court to vacate a settlement for cause shown. Our review of orders denying relief under those rules is generally for abuse of discretion. See Le v. Univ. of Pa., 321 F.3d 403, 405–06 (3d Cir. 2003) (Rule 59); Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc) (Rule 60).[4]

Upon review of the record, we find no error whatsoever in the District Court's denial of Harris's second motion. Harris's motion failed to present any new evidence, facts, or issues that would tend to show that the settlement agreement was fraudulent, or that the District Court made some sort of mistake in its judgment. See Fed. R. Civ. P. 60(b). Furthermore, Harris failed to point to any other reason to vacate the dismissal. See E.D. Pa.

---

the Federal Rules, is not a motion listed in Fed. R. App. P. 4(a)(4) that may toll the time to appeal.

[4] Harris's motion may be best viewed as a Rule 60 motion, as he needed to reopen what had, at that point, become a final judgment. Cf. Lasky v. Cont'l Prod. Corp., 804 F.2d 250, 255 (3d Cir. 1986) (noting the Federal Rules of Civil Procedure preempt Local Rules with regard to procedural aspects of litigation). In any event, our conclusion that the District Court's denial of the motion was not in error would be the same if we were to view the motion as a Rule 59 or a Local Rule 41.1(b) motion.

R. 41.1(b).  Instead, he simply argued the underlying merits of his civil rights claim.  Because the motion did not argue any basis for re-entertaining the judgment entered in the case, the District Court could not have erred in denying that relief.  See Fed. R. Civ. P. 60(b).[5]

For the foregoing reasons, we will dismiss the appeal in part for lack of appellate jurisdiction and affirm the District Court's August 15 order denying Harris's motion for "Relief from Order."

---

[5] On appeal, Harris attaches an email correspondence he had in early June that appears to show that he tried to back out of the settlement.  It does not appear that it was provided to the District Court in his "Relief from Order" motion, but, even if he had provided it, this is not "new evidence" that could serve as a basis to grant relief, as he could have provided it to the Court with his first, timely Rule 59 motion.  See Blystone v. Horn, 664 F.3d 397, 415–16 (3d Cir. 2011) (noting new evidence does not refer to evidence a party submits after an adverse ruling; rather, "new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available"); see also Compass Tech., Inc. v. Tseng Labs., Inc., 71 F.3d 1125, 1130 (3d Cir. 1995) ("Rule 59 and Rule 60(b)(2) share the same standard for granting relief on the basis of newly discovered evidence.").